Norton Anthony RUSSELL, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 13529.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 1, 1960.

Decided June 18, 1960.

Mr. Joseph A. Fanelli, Washington, D. C., with whom Mr. J. H. Krug, Washington, D. C., was on the brief, for appellant.

Mr. William Hitz, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., Carl W. Belcher, Lewis Carroll and John D. Lane, Asst. U. S. Attys., were on the brief, for appellee.

Mr. Harold D. Rhynedance, Jr., Asst. U. S. Atty., also entered an appearance for appellee.

Before WASHINGTON, BASTIAN and BURGER, Circuit Judges.

WASHINGTON, Circuit Judge.

This is a contempt of Congress case, under Section 192 of Title 2 U.S.C.A.

Appellant was convicted, after trial by jury, on three counts of an indictment charging him with refusal to answer certain questions propounded by a subcommittee of the Committee on Un-American Activities of the House of Representatives. This appeal followed.[1]

The first contention advanced by appellant is that he was subpoenaed to appear before the subcommittee in Washington, D. C., solely in order that he might be punished for contempt. He had declined to answer certain questions put

1. The circumstances under which the appeals in this case and seven other contempt of Congress cases came on for hearing in this court appear in footnote 2 of the opinion in Gojack v. United States, 1960, 108 U.S.App.D.C. ——, 280 F.2d 678.

to him by a member of the subcommittee at a hearing in Dayton, Ohio, and it seems agreed by all parties that this initial refusal could not have resulted in a contempt citation. But it does not follow that the subcommittee could not thereupon properly summon him to Washington to appear before a tribunal which was empowered to initiate proceedings for contempt, upon his continued refusal to answer. See Flaxer v. United States, 1958, 358 U.S. 147, at page 151, 79 S.Ct. 191, at page 193, 3 L.Ed.2d 183.

Other contentions advanced include these: that the trial court could not decide as a matter of law that the Chairman of the full committee could appoint subcommittees, or decide that such an appointment could properly be made by telephone. Appellant says these matters should have been left to the jury. But we think the legal questions raised were within the trial court's prerogative. The judge decided those questions, and we think he did so correctly. The jury was allowed to make the ultimate decision, under proper instructions, as to whether the defendant-appellant was summoned to appear before a properly-constituted subcommittee. Its verdict indicated that it found that he was, and the evidence was ample to justify its conclusions.

A further contention relates to the pertinency of the questions asked to the subject matter under inquiry. Appellant urges that this was not a question for the judge, but for the jury. We are constrained by the decision of the Supreme Court in Sinclair v. United States, 1929, 279 U.S. 263, 49 S.Ct. 268, 73 L.Ed. 692, and by our decision in Keeney v. United States, 1954, 94 U.S.App.D.C. 366, 218 F.2d 843, to say that the matter is for the judge to decide. The judge determined here that the questions were pertinent, and we find no ground on which to disagree.

For these reasons, the judgment of the District Court will be

Affirmed.